IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRICAL INDUSTRY SERVICE BUREAU, INC., et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>J COPELLO INTERNATIONAL CORP. d/b/a COPELLO ELECTRIC CO.,<br><br>   Defendant. | No. C 15-01946 JSW<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Docket No. 17 |

Now before the Court is the motion of Defendant J. Copello International Corp. d/b/a Copello Electric Co. ("Defendant") to set aside default (Docket No. 17). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons set forth below, the Court GRANTS the motion to set aside default.

**BACKGROUND**

On April 29, 2015, Plaintiffs, multi-employer employee benefit plans and jointly trusteed employee benefit trusts, filed this action against Defendant, alleging claims under Section 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1145, and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

On July 6, 2015, Plaintiffs filed a motion for entry of default. The Clerk entered Defendant's default on July 7, 2015. On August 20, 2015, Defendant filed the instant motion to set aside default.

**ANALYSIS**

**A.     Legal Standard.**

Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause shown. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). In general, a more lenient standard is applied when determining whether to set aside an entry of default than is applied to vacating a default judgment. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) (per curiam) ("The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment").

To determine "good cause" for setting aside an entry of default, the Court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* (citation omitted). The party seeking to invoke Rule 55(c) bears the burden of demonstrating that these factors favor setting aside the default. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

**B.     Defendant Has Shown Good Cause to Vacate the Entry of Default.**

**1.     Defendant's Conduct Was Not Culpable.**

A party's conduct can be considered culpable if it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* at 697 (quotation omitted). The Ninth Circuit has explained, however, that "in this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or

2

otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697). In other words, a defendant's conduct is "culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698. Thus, if the defaulting party "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," its conduct is not "intentional." *Id.* at 697.

Here, the Court cannot say that there is *no* good faith explanation for Defendant's default. Defendant submits a seven-paragraph declaration of Jack S. Copello ("Copello"), Defendant's Chief Executive Officer, President, and Responsible Managing Officer, which states that, upon receipt of the Complaint, Copello "could not understand what the case related to," but contacted representatives for Plaintiffs to determine what information they sought. (Copello Decl. ¶ 4-5.) Copello provided additional information. (*Id.* ¶ 5.) Then, due to the press of business and lack of legal counsel, Copello believed the matter was resolved. (*Id.* ¶¶ 4, 6.) Additionally, after receiving Plaintiffs' request for entry of default, Copello "worked diligently" to retain counsel and file the current motion. (*Id.* ¶ 7.)

Defendant's conduct in not responding to the Complaint, and not timely seeking the advice of counsel in order to understand the matter, was certainly neglectful. Copello did not ignore the Complaint altogether, though; he contacted representatives for Plaintiffs and provided some additional information. The Court does not reach the question of whether that additional information complied with Defendant's obligations under the relevant laws and agreements. For the purpose of this motion, it is sufficient to find that Defendant's conduct in failing to respond to the Complaint was not "intentional" or "culpable" under the lenient standards of this Circuit.

**2.  Defendant Has Adequately Set Forth Meritorious Defenses.**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700 (citations omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would

3

constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." *Mesle*, 615 F.3d at 1094 (quoting *id.*). "Rather, that question 'would be the subject of the later litigation.'" *Id.* In other words, when exercising its discretion under Rule 55, the Court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Here, Copello declares, under penalty of perjury, that he cooperated with the auditor's requests, "and provided information to permit IBEW Local 6 to complete the audit." Copello Decl. ¶ 3.) He further alleges that after the Complaint was filed, he contacted the firm conducting the audit, and that Defendant then provided the additional information that the auditors sought. (*Id.* ¶ 5.) In its motion, Defendant indicates additional defenses that it intends to raise, although these are not supported by the declaration. The Ninth Circuit has made clear that this Court must not make any factual determinations regarding the defenses at this time. *See Mesle*, 615 F.3d at 1094. Accordingly, the Court cannot say that Defendant has raised no meritorious defenses.

### 3.     Plaintiffs Will Not Be Prejudiced if the Default Is Set Aside.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI Group*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463). To be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996), *quoted in TCI Group*, 244 F.3d at 701.

Plaintiffs contend that Defendant has pursued a strategy of delay and deception calculated to avoid an audit and that setting aside the default will "allow Defendant even more time to bury records, and to move and hide assets." (Opp. at 8.) However, although Plaintiffs have provided some evidence of delay and noncompliance, they have not substantiated their assertions that Defendant has embarked, or will embark, upon a course of spoliation. Of course, should such

4

conduct be substantiated in the future, there will be consequences. But at this time, the record does not support a finding that Plaintiffs will be prejudiced if the default is set aside.

## CONCLUSION

Based on the history of this case and this Circuit's strong preference for decisions made on the merits, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court GRANTS Defendant's motion to set aside default. The Clerk's entry of default is set aside. Defendant shall respond to the Complaint no later than 14 calendar days after the filing of this order.

On September 14, 2015, the Court granted the parties' stipulated motion to continue the case management conference pending disposition of the motion to set aside default. The motion to set aside default having been granted, the Court hereby ORDERS that a case management conference shall be held in this case on **December 4, 2015, at 11:00 a.m.**, in Courtroom 5, 2nd Floor, Federal Courthouse, 1301 Clay Street, Oakland, California.

The parties shall file a joint case management statement no later than **five (5) court days** prior to the conference.

**IT IS SO ORDERED.**

Dated: October 5, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5